UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:23-cv-134 |
| | ) |
| GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC., | ) ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, William Morgan (hereinafter "Morgan"), by counsel, for his cause of action against Defendant, GE Medical Systems Information Technologies, Inc. (hereinafter "Defendant"), alleges and states as follows:

**I. NATURE OF CASE.**

1. Morgan brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§ 2000e, *et seq.* and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, alleging discrimination based on age, religion, and retaliation.

**II. PARTIES.**

2. Morgan, at all times relevant to this action, resided in the Porter County, Indiana, which is in the Northern District of Indiana, Hammond Division

3. Defendant is a foreign for-profit corporation doing business within the Northern District of Indiana.

### III. JURISDICTION.

4. This Court has jurisdiction over the subject matter of this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 29 U.S.C. § 626 and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b) and 42 U.S.C. § 20002(b).

6. Morgan was an "employee" as that term is defined by 29 U.S.C. § 630(f) and 42 U.S.C. § 2000e(f).

7. Morgan is over forty years of age.

8. Morgan satisfied his obligation to exhaust his administrative remedies by timely filing Charge Number 470-2022-02905 with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging discrimination on the basis of age, religion, and retaliation. Morgan received his *Dismissal and Notice of Rights* and timely filed his Complaint within ninety (90) days of receipt thereof.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as all events, transactions, and occurrences concerning this matter have arisen in the geographical environs of the Northern District of Indiana.

### IV. FACTUAL AND LEGAL ALLEGATIONS.

10. Defendant hired Morgan on or about October 15, 2001, as a Field Service Engineer, a position he held throughout his employment. At all relevant times, Morgan met or exceeded the legitimate performance expectations of Defendant.

11. In August 2021, Lisa Jansen, Morgan's manager, began harassing Morgan, demanding that he get vaccinated for COVID-19, despite the fact that Defendant had yet to implement such a mandate.

12. Around this same time, Jansen required that Morgan begin training a less qualified, less experience female in her early to mid-twenties. This individual ultimately replaced Morgan after his forced retirement.

13. On or October 2021, Defendant notified its employees that it would be implementing a mandatory COVID-19 vaccination policy for all employees. Under this mandate, all employees were required to be fully vaccinated on or before December 8, 2021, to comply with Executive Order 14042.

14. On October 28, 2021, Morgan submitted a COVID-19 Vaccination Religious Accommodation Form to Defendant's Human Resources ("HR") Department.

15. On November 19, 2021, Defendant's HR Department responded, stating in relevant part: "After a careful review of your request, we have determined that we can approve your exemption. We are still working to determine our ability to accommodate your exemption and/or the specific accommodation we can offer you. We will notify you once we have determined the next steps for your accommodation request."

16. Nevertheless, Jansen continued harass Morgan, stating that he was still required to get the COVID-19 vaccination.

17. Defendant lifted its COVID-19 vaccination mandate in or around January 2022. Nonetheless, Jansen continued to demand that Morgan get the vaccination.

18. On or about the first of January 2022, Defendant notified Morgan that it could no longer accommodate his religious beliefs with respect to the COVID-19 vaccine and that he would be terminated, effective May 1, 2022, if he did not retire.

19. Defendant's purported reason for the revocation of Morgan's religious accommodation was that Ascension Health, a major customer of Defendant and an account on

which Morgan worked, implemented a policy that required all on-site vendors to be fully vaccinated with no exceptions.   Defendant's stated reason is pretext.

20.     Defendant claims that it could not continue to accommodate Morgan's religious objection to the COVID-19 vaccination because to do so would require Defendant to permanently remove Morgan from all on-call assignments with Ascension, and to do so would create an undue hardship because Morgan's teammates would have to "pick up Morgan's slack."

21.     According to its January 11, 2023 position statement submitted to the EEOC, Defendant claimed that, "As of the date of this writing, GEHC has not filled Morgan's former position.   Instead, Morgan's workload was reallocated among his former teammates."

22.     Defendant's claim that it would be an undue hardship because his teammates would have to pick up the slack is pretext as that is exactly what Defendant claims to have done for the nearly one year following Morgan's forced retirement.

23.     Prior to May 1, 2022, Morgan had not worked in an Ascension hospital for approximately 10 months, and he had no future installations scheduled in an Ascension hospital.

24.     According to a July 28, 2021 Ascension press release:

Ascension will require that all associates be vaccinated against COVID-19, whether or not they provide direct patient care, and whether they work in our sites of care or remotely.   This includes associates employed by subsidiaries and partners; physicians and advanced practice providers, whether employed or independent; and volunteers and vendors entering Ascension facilities.

Our timeline for completing the vaccine series and meeting this requirement will be Nov. 12, 2021.   This timing is aligned with Ascension's annual influenza vaccination requirement and we will follow a similar implementation process.   *In those instances when someone may not be able to get vaccinated due to a medical condition or strongly held religious belief, Ascension will provide its associates a process for requesting an exemption similar to the process we use for the annual influenza vaccine.*

(emphasis added).

25. Defendant forced Morgan to retire under threat of termination because of his religion in violation of Title VII of the Civil Rights Act of 1964.

26. Defendant failed to accommodate Morgan's strongly held religious beliefs in violation of Title VII of the Civil Rights Act of 1964.

27. Defendant forced Morgan to retire under threat of termination in retaliation for requesting a religious accommodation.

28. Defendant forced Morgan to retire under threat of termination because of his age in violation of the Age Discrimination in Employment Act.

## V.   CAUSES OF ACTION.

### COUNT I – TITLE VII: FAILURE TO ACCOMMODATE RELIGION.

29. Morgan incorporates paragraphs one (1) through twenty-eight (28) of his Complaint as if they were set forth at length herein.

30. Morgan requested a religious accommodation to be exempt for Defendant's COVID-19 vaccination mandate due to his strongly held religious beliefs.

31. Defendant initially granted Morgan's accommodation request.   However, ultimately revoked his accommodation and forced him to retire under threat of termination.

32. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Morgan's rights as protected by Title VII of the Civil Rights Act of 1964.

### COUNT II – TITLE VII: RELIGIOUS DISCRIMINATION

33. Morgan incorporates paragraphs one (1) through thirty-two (32) of his Complaint as if they were set forth at length herein

6

34. Defendant forced Morgan to retire under threat of termination because of his religion in violation of Title VII of the Civil Rights Act of 1964.

35. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Morgan's rights as protected by Title VII of the Civil Rights Act of 1964.

### COUNT III – TITLE VII: RETALIATION

36. Morgan incorporates paragraphs one (1) through thirty-five (35) of his Complaint as if they were set forth at length herein

37. Defendant forced Morgan to retire under threat of termination in retaliation for requesting a religious accommodation.

38. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Morgan's rights as protected by Title VII of the Civil Rights Act of 1964.

### COUNT IV - VIOLATION OF THE ADEA.

39. Morgan incorporates paragraphs one (1) through thirty-eight (38) of his Complaint as if they were set forth at length herein.

40. Defendant intentionally and willfully discriminated against Morgan because of his age.

41. Defendant forced Morgan to retire under threat of termination because of his age in violation of the Age Discrimination in Employment Act.

42. Defendant's discriminatory practices have caused Morgan to suffer damages.

### VI.  REQUESTED RELIEF.

WHEREFORE, Plaintiff, William Morgan, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. All wages, benefits, compensation, and other monetary relief to make him whole;

2. Reinstate Morgan to his position with seniority, or award Morgan front pay in lieu thereof;

3. Compensatory and punitive damages;

4. Liquidated damages;

5. All costs and attorney's fees incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief this Court sees fit to grant.

8.

Respectfully Submitted,

John H. Haskin (7576-49)
Craig M. Williams (21425-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone (317) 955-9500
Facsimile (317) 955-2570
jhaskin@jhaskinlaw.com
cwilliams@jhaskinlaw.com

Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL.**

The Plaintiff, William Morgan, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully Submitted,

John H. Haskin (7576-49)
Craig M. Williams (21425-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone (317) 955-9500
Facsimile (317) 955-2570
jhaskin@jhaskinlaw.com
cwilliams@jhaskinlaw.com

Attorneys for Plaintiff